UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


CORVIL W. NEAL,                              Case No. 1:11-3073-AA

        Plaintiff,                    OPINION AND ORDER

   v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

        Defendant.
_____

AIKEN, Chief Judge:

    Plaintiff seeks review of the Commissioner's decision denying his applications for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (the Act). The court has jurisdiction under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is affirmed.

1 - OPINION AND ORDER

BACKGROUND

On December 6, 2007 plaintiff protectively filed applications for DIB and SSI. Tr. 154-67. His applications were denied initially and on reconsideration. Tr. 113-29. On March 20, 2010, after timely requesting a hearing, plaintiff, a lay witness and a vocational expert appeared and testified before an administrative law judge (ALJ). Tr. 37-108, 130-31. On May 19, 2010 the ALJ issued a decision that plaintiff was not disabled within the meaning of the Act. Tr. 12-20. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final agency decision. Tr. 1-3. Plaintiff now seeks judicial review. 42 U.S.C. § 405(g).

Plaintiff was forty-two years old at the time of the ALJ's decision, with a tenth-grade education and past relevant work as a construction worker, heavy equipment operator, chain puller, oyster shucker, and pile driver. Tr. 195, 200. Plaintiff alleges disability since March 16, 2006 due to congestive heart failure, colitis, feet and back pain, and cognitive impairments. Tr. 52-59, 193.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind

2 - OPINION AND ORDER

might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. N.L.R.B.</u>, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." <u>Martinez v. Heckler</u>, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence "is susceptible to more than one rational interpretation," the Commissioner's conclusion must be upheld. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. <u>Howard v. Heckler</u>, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant sequential process. See <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 16, 2006, his alleged disability onset date. Tr. 14; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At steps two and three, the ALJ found that plaintiff had medically determinable impairments of "history of congestive heart

3 - OPINION AND ORDER

failure with atrial fibrillation secondary to alcohol abuse; past traumatic arthritis status post right foot fracture; mild metatarsalgia of right foot; lymphocytic colitis with episodic diarrhea," but that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 14-15; 20 C.F.R. §§ 404.1520(c) and (d), 416.920(c) and (d). The ALJ also found that plaintiff's alleged dementia and cognitive disorder were non-severe.

At step four, the ALJ determined plaintiff's residual functional capacity (RFC) and found that plaintiff retained the RFC to perform a full range of medium work. Tr. 15-18; 20 C.F.R. §§ 404.1520(e), 416.920(e). Based on this RFC, the ALJ found that plaintiff could perform his past work as a construction worker, heavy equipment operator, chain puller, oyster shucker, and pile driver. Tr. 18; 20 C.F.R. §§ 404.1520(f), 416.920(f).

Alternatively, the ALJ proceeded to step five and found that if plaintiff retained the RFC to perform light, unskilled work, plaintiff was capable of performing other work as a table worker, hand stuffer, or basket filler. Tr. 19; 20 C.F.R. §§ 404.1520(g) 416.920(g). Therefore, the ALJ found plaintiff not disabled under the meaning of the Act. Tr. 20.

## DISCUSSION

Plaintiff argues that the ALJ's decision should be reversed

4 - OPINION AND ORDER

and remanded for benefits because the ALJ improperly rejected plaintiff's complaints of fatigue and the opinion of an examining neuropsychologist and improperly found that plaintiff had recovered from a foot injury. Plaintiff also argues that the ALJ failed to provide sufficient reasons to reject the testimony and statements of lay witnesses.

A. Credibility Determination

Plaintiff testified that he experienced disabling fatigue on a daily basis due to his heart condition, stating, "my heart starts beating way too fast, and I run out of energy." Tr. 54. Plaintiff testified that these episodes caused the loss of blood to his brain and the loss of consciousness several times. Tr. 55. Plaintiff stated that such an episode would render him "pretty much shot for most of the day." Tr. 55.

If no evidence of malingering is present and a claimant produces objective medical evidence of an impairment that reasonably could be expected to produce some degree of the symptoms complained of, "the ALJ may reject the claimant's testimony regarding the severity of symptoms only if he makes specific findings stating clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see also Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1160 (9th Cir. 2008) (unless evidence of malingering is present in the record, the ALJ must base adverse credibility finding on clear and convincing

5 - OPINION AND ORDER

reasons); <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958 (9th Cir. 2002) (ALJ credibility findings must be "sufficiently specific to permit court to conclude that the ALJ did not arbitrarily discredit claimant's testimony"). In making these findings, the ALJ may consider objective medical evidence and the claimant's treatment history as well as any unexplained failure to seek treatment or follow a prescribed course of treatment. <u>Smolen</u>, 80 F.3d at 1284. The ALJ may also consider the claimant's daily activities, work record, and the observations of physicians and third parties with personal knowledge about the claimant's functional limitations. <u>Id.</u> Finally, the ALJ may employ ordinary techniques of credibility evaluation, such as the claimant's reputation for lying and prior inconsistent statements concerning the alleged symptoms. <u>Id.</u>

   Here, the ALJ provided legally sufficient reasons to discredit plaintiff's testimony. First and foremost, the record contains evidence that plaintiff was fraudulently attempting to obtain Social Security benefits. After a fraud referral, plaintiff was the subject of an investigation and resulting report. The investigative report reflects that on December 8, 2008 plaintiff met with investigators in Salem, Oregon as he was driving from Shelton, Washington to his home in Grants Pass, Oregon. Tr. 821. As referenced by the ALJ, the fact that plaintiff was able to drive "for several hours nonstop" is inconsistent with his allegations of disability. Tr. 17, 822. As further found by the ALJ, plaintiff's

6 - OPINION AND ORDER

reported appearance, demeanor and statements during the encounter with investigators sharply contrast with his allegations of disability. Tr. 17.[1]

For example, plaintiff was observed wearing work-type clothing, with calloused hands and no assistive device such as a cane or brace. Tr. 821. Investigators also noted that the bed of plaintiff's full-size crew cab pickup truck was "full of construction type tools," including a powered chop saw, a table saw, "at least two folding saw horses, and several boxes and buckets containing miscellaneous hand tools." Tr. 821. During a "pretext interview" conducted by the investigators, plaintiff stated that he and "his wife" Cheryl Forcier raised quarter horses, with Ms. Forcier training the horses while plaintiff performed "other chores related to maintaining facilities and equipment needed to keep and raise the horses." Tr. 822. Plaintiff also informed investigators that he often traveled by vehicle to support their horse business and had recently traveled to California, Washington State, and Klamath Falls, Oregon. Tr. 822.

Investigators noted that plaintiff had no difficulty tracking

---

[1] Plaintiff contends that the ALJ committed legal error by considering the investigative report in his credibility determination. However, plaintiff cites no legal authority to support this argument and I reject it. The ALJ may consider evidence obtained by the Social Security Administration that is relevant to plaintiff's claim, including inconsistent statements. 20 C.F.R. §§ 404.1512(b)(3), 416.912(b)(3); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

7 - OPINION AND ORDER

the conversation or responding appropriately to questions. Tr. 821. Investigators also reported that plaintiff appeared to have normal range of motion, "was observed standing, walking, and stepping up and down from his four wheel drive pick-up truck without any type of assistance such as a cane," and stood for the entire forty-five minute interview without difficulty. Tr. 822. As found by the ALJ, plaintiff's appearance and statements to investigators in December 2008 are wholly inconsistent with his disability allegations and provide a sufficient legal basis to support the ALJ's credibility finding.

Second, the ALJ found that plaintiff's complaints of extreme fatigue were not reflected in the medical records, particularly those of Dr. Winters, a treating physician. Tr. 17. While an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. See <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169 F.3d 595, 599-600 (9th Cir. 1999). As noted by the ALJ, Dr. Winters reported no complaints of fatigue or cardiac-related symptoms during seven appointments with plaintiff from September 19, 2008, through April 2, 2010. Tr. 857-870, 947-64, 1001-1003. Plaintiff responds that Dr. Winters only saw plaintiff for his colitis and therefore such records are not indicative of plaintiff's level of fatigue. However, Dr. Winters saw plaintiff for an extended period of time, noted other past medical problems,

8 - OPINION AND ORDER

and reported that aside from his problems with diarrhea, plaintiff was "[o]therwise . . . doing well." Tr. 947. Further, Dr. Winters' records show that plaintiff's colitis was "controlled" and "in remission," in contrast to plaintiff's testimony. Tr. 52, 947, 949.

Plaintiff maintains that Dr. Winters' records do not contradict the cardiac findings of plaintiff's other treating physicians. However, the ALJ made no such finding. Rather, the ALJ correctly noted that plaintiff's complaints of fatigue were not reflected in or supported by the more recent records of Dr. Winters. As set forth above, the ALJ's finding is supported by the medical evidence of record.

In sum, I find that the ALJ's credibility determination is supported by clear and convincing reasons and supported by evidence in the record. The fact that plaintiff disagrees with the ALJ's evaluation of the evidence does not render it legally erroneous. Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004) (when the evidence supports more than one rational interpretation, courts defer to the Commissioner's decision). Therefore, I find no error.

B. Medical Evidence

Plaintiff also argues that the ALJ erred by rejecting the conclusions of Dr. Col, an examining neuropsychologist, by rejecting medical evidence related to his cardiac condition, and by finding that plaintiff had recovered from a foot injury.

9 - OPINION AND ORDER

Psychologist Douglas Col, Ph.D., examined plaintiff on October 17, 2008 and diagnosed plaintiff with dementia and a cognitive disorder "almost certainly due to hypoxia-induced damage secondary to his cardiovascular problems" and "cerebral cell death due to a lack of adequate oxygen supplies." Tr. 802-04. The ALJ found the diagnosis questionable and contradicted by other medical evidence of record. Tr. 14-15. In particular, the ALJ noted that no medical evidence suggested that plaintiff experienced hypoxia or neurological damage, the underlying premise for Dr. Col's diagnosis. Tr. 14, 504-08, 513-14, 1149-50. The ALJ instead relied on the opinion of a non-examining psychologist who found no history of hypoxia or loss of consciousness in the medical records and no basis to support plaintiff's alleged cognitive limitations in light of his activities such driving and assisting with Ms. Forcier's horse business. Tr. 14, 837.

The ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with specific and legitimate reasons. Id. In this case, Dr. Col's diagnosis and conclusions were contradicted by the opinion of a non-examining psychologist. Tr. 837. "[T]he findings of a nontreating, nonexamining physician can amount to

10 - OPINION AND ORDER

substantial evidence, so long as other evidence in the record supports those findings." Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). I find that the record supports those findings.

First, Dr. Col's diagnosis and conclusions rendered in October 2008 are contradicted by plaintiff's own statements to investigators in December 2008, along with other statements in the record. Plaintiff stated that he performed maintenance duties on a horse farm and traveled extensively in support of the horse training business, contrary to Dr. Col's opinion that plaintiff could not sustain work activity. In July 2007, one year prior to Dr. Col's examination, plaintiff reported to a physician that he "restores old houses and is very happy in his job and domestic life" on a "small farm," and was deemed "alert and talkative." Tr. 507. In August 2007, plaintiff reported that he was "doing well" and "getting ready to go back to work." Tr. 589. These statements are consistent with plaintiff's statements to investigators in 2008 and inconsistent with Dr. Col's findings.

Second, the underlying premise for Dr. Col's findings - brain cell death caused by the loss of oxygen during a cardiac event - is not supported by the medical record and appears to be information provided by plaintiff. Tr. 797, 798-99, 802-04. A "physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly

11 - OPINION AND ORDER

discounted.'" Morgan, 169 F.3d at 602 (quoting Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989)).

Third, no treating physician reported the cognitive difficulties found by Dr. Col or expressed concern regarding plaintiff's neurological or cognitive functioning. Tr. 515 ("Neurologically there is no evidence of any focal or motor deficit."); see generally tr. 504-91, 597, 623-30, 895, 963-64, 972-75, 1004-05. Dr. Winters found that plaintiff's "[m]ental status was normal" and that he was "alert and with appropriate affect." Tr. 964, 1003. Dr. Winters also reported no neurological difficulties in his medical notes. Tr. 857-870, 947-64, 1001-1003. In April 2010, Dr. Huth found plaintiff had "appropriate mood, memory and judgment." Tr. 1005. Thus, I find that the ALJ provided specific and legitimate reasons to reject Dr. Col's diagnosis and findings, reasons that are supported by substantial evidence.

With respect to plaintiff's foot injury, the ALJ found that plaintiff had recovered from this injury, citing medical records releasing plaintiff to full work duties in 2007 and indicating that plaintiff's foot injury did not interfere with his ability to work. Tr. 17, 615-16, 622. Although plaintiff apparently saw a podiatrist in 2009 for treatment, plaintiff cites no evidence in the record that reflects work-related limitations after his release to work in 2007. Instead, his medical provider prescribed orthotics and custom shoes to alleviate the pain alleged by plaintiff. Tr. 889-91. To

12 - OPINION AND ORDER

the extent plaintiff relies on his subjective allegations of foot pain, the ALJ properly found plaintiff's allegations not credible.[2] Thus, the ALJ's consideration of plaintiff's foot injury does not constitute reversible error.

C. Lay Witness Testimony

Finally, plaintiff assigns as error the ALJ's rejection of Ms. Forcier's testimony and the statements of a vocational rehabilitation specialist, Chuck Rhine.

An ALJ is required to consider lay witness statements concerning a claimant's ability to work. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1053 (9th Cir. 2006). If such statements are rejected, the ALJ must give reasons that are germane to the lay witness. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). Where an ALJ gives sufficient reasons for discounting the credibility of a claimant's subjective statements, those reasons are germane to a lay witness providing statements of similar substance. Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009). Here, the ALJ's reasons for discounting plaintiff's credibility are equally applicable to the testimony and statements of Ms. Forcier and Mr. Rhine, most notably the investigative report and plaintiff's statements to investigators in December 2008.

---

[2]To the extent plaintiff relies on evidence in January 2007 suggesting that he was limited to two hours of walking and/or standing, tr. 606-08, the ALJ's alternative step five finding - that plaintiff could perform unskilled, light work - is consistent with such a limitation. Tr. 19.

13 - OPINION AND ORDER

CONCLUSION

The ALJ's finding that plaintiff is not disabled under the Act is based on proper legal standards and supported by substantial evidence in the record. Accordingly, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 29th day of August, 2012.

_____
Ann Aiken
United States District Court

14 - OPINION AND ORDER